IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY MORRIS, | § | |
| | § | No. 402, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0205019125 |
| Appellee. | § | |

Submitted: August 14, 2014
Decided: October 30, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 30th day of October 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)   The appellant, Anthony Morris, filed this appeal from the Superior Court's July 2, 2014 summary dismissal of his third motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Morris' opening brief that the appeal is without merit. We agree and affirm.

(2)     In 2002, a Superior Court jury convicted Morris of Possession with Intent to Deliver Cocaine, Possession of Drug Paraphernalia, and Resisting Arrest.  Morris was sentenced to thirty-two years at Level V suspended after serving fifteen years for the balance at decreasing levels of supervision.  We affirmed Morris' convictions on direct appeal.[1]

(3)     On July 1, 2014, Morris filed his third motion for postconviction relief under Rule 61.  Morris raised claims related to a recent, ongoing joint investigation of the Office of the Chief Medical Examiner Controlled Substances Unit (hereinafter "OME investigation") by the Department of Justice and Delaware State Police.

(4)     The OME investigation was initiated in early 2014 because of discrepancies in drug evidence submitted to the laboratory of the Controlled Substances Unit.[2]  Referencing news accounts of the OME investigation, Morris's third postconviction motion claimed, in conclusory fashion, that he is entitled to relief from his 2002 drug convictions and sentence.  Morris repeats his conclusory claims on appeal.

---

[1] *Morris v. State*, 2003 WL 22097056 (Del. Sept. 8, 2003).

[2] According to a preliminary report released on June 19, 2014, the OME investigation has revealed "potentially compromised evidence" in a number of cases between 2010 and 2013 and "systemic operational failings" that have directly resulted in the dismissal or reduction of drug charges.  *See* DEL. ATT'Y GEN., INVESTIGATION OF MISSING DRUG EVIDENCE: PRELIMINARY FINDINGS, (2014), http://www.attorneygeneral.delaware.gov/documents/OCME_Controlled_Substances_Unit_investigation_preliminary_findings.pdf.

(5)     By order dated July 2, 2014, the Superior Court summarily dismissed Morris' postconviction motion on the basis that "[t]here has been nothing exposed in the current [OME] investigation that would taint a conviction in 2002."  Having reviewed the parties' positions on appeal and the Superior Court record, this Court has concluded that there is no error of law or abuse of discretion in the Superior Court's summary dismissal of Morris' third motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

3